IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW TIMOTHY,<br><br>        Plaintiff,<br><br>vs.<br><br>FALLS CITY PD, JUAN RAMIREZ, Sgt.; and MICHAEL L. DOUGHERTY, Officer;<br><br>        Defendants. | **8:23CV559**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Matthew Timothy's Complaint filed on December 20, 2023. Filing No. 1. Plaintiff is incarcerated within the Saline County Jail. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

### I. SUMMARY OF COMPLAINT

Plaintiff has sued the Falls City Police Department (FCPD), Juan Ramirez and Michael L. Dougherty, in their official capacities. Plaintiff alleges the following as his "Statement of Claim":

In the early afternoon of July 29, 2022, Plaintiff called the FCPD to report illicit drug activity at an address on Reavis Street in Falls City, Nebraska. At around 1:00 p.m., Ramirez and Dougherty, officers employed by the FCPD, arrived at an apartment on Chase Street in Falls City. The officers asked Plaintiff if the minors who live at the Reavis Street residence had ever been inside and consumed alcohol in that apartment. Plaintiff advised the officers that he refused to answer incriminating questions, reminded the

officers that he was the one who called the police, and instructed them to return to the Reavis Street residence. The officers left immediately. Filing No. 1 at 12.

Ramirez and Dougherty returned at 3:30 p.m. and again asked Plaintiff if he had purchased alcohol for the minors at the Reavis Street address. Plaintiff invoked his right to remain silent. Ramirez arrested Plaintiff for child abuse. Although Plaintiff did not resist arrest, Ramirez purposefully twisted the handcuffs on Plaintiff's wrist to cause pain. Plaintiff complained that Ramirez was hurting him, but Ramirez denied doing so and without adjusting the handcuffs, escorted Plaintiff to a patrol vehicle. Filing No. 1 at 12-13.

When Plaintiff arrived at the police station, he was again asked if he had purchased alcohol for the Reavis Street minors. Plaintiff again invoked his Fifth Amendment rights. He was then transported to the Richardson County Jail for booking. Filing No. 1 at 13.

Plaintiff willingly disclosed his telephone and PIN numbers. He was asked when he last used marijuana. Plaintiff denied using that drug. Filing No. 1 at 13.

Plaintiff alleges the officers' police reports falsely and repeatedly stated that Plaintiff admitted to purchasing alcohol for the minors who lived at Reavis Street. He claims Ramirez and Dougherty used these false statements to obtain search warrants. Filing No. 1 at 14.

Plaintiff alleges the defendants violated his Fourth and Fifth Amendment rights and used excessive force. He requests an award of damages for loss of property and undue suffering and mental distress. Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or

any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

**A. Official Capacity Claims**

Plaintiff seeks recovery under 42 U.S.C. § 1983, arguing the defendants, all in their official capacities, violated his Fourth Amendment, Fifth Amendment, and due process rights. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

Plaintiff is suing the FCPD. Whether a party, other than an individual or a corporation, has the capacity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b). Under Nebraska law, cities of the first and second class[1] may sue and be sued, Neb. Rev. Stat. §§ 16–201 and 17-501, but not city police departments. A city police department is an agency of the city and has no separate legal status under Nebraska law. *Hood-Bey v. Brown*, No. 8:24CV474, 2025 WL 1167837, at *12 (D. Neb. Apr. 22, 2025) (collecting cases). So, Falls City, Nebraska, is the proper defendant for Plaintiff's claim against the Falls City Police Department.

Plaintiff has also sued Officers Ramirez and Dougherty in their official capacities. "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder–Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). Therefore, Plaintiff's claims against Ramirez and Dougherty, in their official capacities, comprise a lawsuit against Falls City, Nebraska.

To state a claim under 42 U.S.C. § 1983 against Falls City, Plaintiff must identify a governmental policy or custom that was the "moving force" behind a constitutional violation that caused Plaintiff's alleged injury. *Schaffer v.*

---

[1] As of 2020, the population of Falls City was 4,133. It may still be a second class city, Neb. Rev. Stat. 17-101, or it may have grown to 5,000 or more, making it a first class city. Neb. Rev. Stat. 16-101.

4

*Beringer*, 842 F.3d 585, 596 (8th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). Plaintiff's complaint does not allege the existence of any Falls City policy or custom that caused Plaintiff's injury. Therefore, Plaintiff's claims against the Falls City Police Department and Ramirez and Dougherty in their official capacities must be dismissed.

### B. Individual Capacity Claims

Although Plaintiff sued Ramirez and Dougherty in their official capacities only, the Court will analyze whether Plaintiff could state a claim against the officers in their individual capacities.

Here, Plaintiff is attempting to raise claims of excessive force, illegal search and seizure, and perhaps a claim for violating his Fifth Amendment rights. As to the excessive force claim, Plaintiff states Ramirez twisted handcuffs on Plaintiff's wrists to purposefully cause pain. As to the Fourth and/or Fifth amendment claim, Plaintiff alleges Ramirez and Dougherty used false statements, or assumptions of guilt based on Plaintiff's invocation of his Fifth Amendment rights, to obtain search warrants. He claims those search warrants were executed and as a result, some of his property (a computer, a phone, and tablet) was seized, and he asks for recovery of the value of this seized property. As to all the claims raised, Plaintiff requests damages for his "undue suffering and mental anguish." Filing No. 1 at 5.

To state a § 1983 claim, a plaintiff must allege how each defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Here, Plaintiff has not alleged, with specificity, what Ramirez did or failed to do, and what Dougherty did or failed to do, that violated his rights. And he has not explained how and to what extent he was harmed by these alleged violations.

5

As currently alleged, Plaintiff has failed to state a claim against either Ramirez or Dougherty in their individual capacities. But rather than dismissing Plaintiff's individual capacity claims at this time, Plaintiff will be granted leave to file an amended complaint as to those claims only.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). The claims against the Fall City Police Department, and against Ramirez and Dougherty in their official capacities, must be dismissed for failure to state a claim. Plaintiff will be granted leave to file an amended complaint to allege claims against Ramirez and Dougherty, in their individual capacities, for illegal search and seizure in violation of Plaintiff's Fourth and Fifth Amendment rights, and a claim for use of excessive force in violation of his Fourth Amendment rights.

Accordingly,

IT IS ORDERED

1. Plaintiff's claims against the Falls City Police Department and Juan Ramirez and Michael L. Dougherty, in their official capacities, are dismissed.

2. The Clerk of Court is directed to terminate the Falls City Police Department and Juan Ramirez and Michael L. Dougherty, in their official capacities, as defendants in this case. The Clerk of Court is further directed to update the caption to reflect that "Juan Ramirez, in his individual capacity," and "Michael L. Dougherty, in his individual capacity," are the sole defendants.

3. Plaintiff shall have until **September 19, 2025**, to file an amended complaint that sufficiently states his constitutional claims against Juan Ramirez and Michael L. Dougherty, in their individual capacities. In his

amended complaint, Plaintiff must state facts supporting his claim, including what each defendant did to him, when he did it, how he did it, and how that specific defendant's actions or inactions harmed him. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

5. The Clerk of the Court is directed to send to Plaintiff the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner).

6. The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 19, 2025**: check for amended complaint.

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 20th day of August, 2025.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge